**2**

Brandon HOLTER ex rel. HOLTER, a minor by and through his Guardian Ad Litem Blanca Holter; Blanca Holter, an individual, Plaintiffs–Appellants,

v.

CITY OF PASADENA; Derrick Carter, an individual; John Thomas; Robert Tucker, an individual; Luis Banuelos, an individual; Bernard Melekian, an individual, Defendants–Appellees.

No. 06–55143.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Oct. 25, 2007.

Thomas P. Bleau, James N. Kahn, Bleau, Fox & Associates, Los Angeles, CA, for Plaintiffs–Appellants.

Hugh Halford, Esq., Pasadena City Attorney's Office, Pasadena, CA, for Defendants–Appellees.

Before: KOZINSKI, TASHIMA, and McKEOWN, Circuit Judges.

## MEMORANDUM *

In this qualified immunity appeal, we review the district court's order of summary judgment *de novo,* and construe all disputed facts in the light most favorable to the non-moving party. *See, e.g., Beier v. City of Lewiston,* 354 F.3d 1058, 1063 (9th Cir.2004). Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 817, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In analyzing whether an official is entitled to qualified immunity, we must address two questions, in a particular order. First, we consider whether the facts alleged show the officer's conduct violated a constitutional right. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Second, and only if a constitutional right was violated, we consider whether the right was clearly established such that a reasonable officer would

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

believe the alleged conduct to be unlawful. *See id.*

Construing the facts in the light most favorable to Mr. Holter's widow and child, including crediting the testimony of the accomplice, we conclude that Officer Carter's actions were reasonable under the circumstances, and therefore did not constitute unreasonable use of force in violation of the Fourth Amendment. *See Tennessee v. Garner*, 471 U.S. 1, 11, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). Because there was no violation of the decedent's constitutional rights, "there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151.

AFFIRMED.

